UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRISTOPHER J. VELTHUYSEN et al.,

        Plaintiffs,                          Case No. 1:22-cv-244

v.                                            Honorable Jane M. Beckering

INTERNAL REVENUE SERVICE,

        Defendant.
_____/

**OPINION DENYING PLAINTIFF VELTHUYSEN
LEAVE TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES
IN MULTIPLE-PLAINTIFF ACTION**

Plaintiff Christopher J. Velthuysen seeks leave to proceed *in forma pauperis*. (ECF No. 2.) Because Plaintiff Velthuysen has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff Velthuysen to pay $201.00, which is his portion of the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that Plaintiff Velthuysen's claims be dismissed without prejudice. Even if the claims are dismissed, Plaintiff Velthuysen must pay the $201.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and

the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff Velthuysen has been an active litigant in the federal courts in Michigan. In three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See* Op. & J., *Velthuysen v. Eicher*, No. 2:17-cv-60 (W.D. Mich. May 2, 2017), (ECF Nos. 5, 6); Op. & J., *Velthuysen v. Henderson*, No. 2:17-cv-71 (W.D. Mich. Apr. 28, 2017), (ECF Nos. 4, 5); Op. & J., *Velthuysen v. Basal*, No. 2:10-cv-168 (W.D.

Mich. Sept. 22, 2010), (ECF Nos. 4, 5). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996. Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule on two occasions. *See* Op. & Order, *Velthuysen v. Unknown Party #1*, No. 2:17-cv-181 (W.D. Mich. Jan. 18, 2018), (ECF Nos. 3, 4); *Velthuysen v. Unknown Party #1*, No. 2:17-cv-179 (W.D. Mich. Jan. 12, 2018), (ECF Nos. 4, 5).

Moreover, Plaintiffs' allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). Plaintiff Velthuysen does not allege facts showing that he is in imminent danger of serious physical injury.

Therefore, § 1915(g) prohibits Plaintiff Velthuysen from proceeding *in forma pauperis* in this action. Plaintiff Velthuysen has twenty-eight (28) days from the date of entry of this order to pay $201.00, which is his portion of the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. When Plaintiff Velthuysen pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff Velthuysen does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff Velthuysen will continue to be responsible for payment of the $201.00 filing fees.

Dated:   April 1, 2022                                            /s/ Jane M. Beckering
                                                                                   Jane M. Beckering
                                                                                   United States District Judge

**SEND REMITTANCES TO**:
Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI  49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.**